B6A (Official Form 6A) (12/07)

In re  **Charity L. Nelson**                              Case No.  **6:11-bk-72400**
                                                                    (if known)

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| real estate<br>3 bedroom, 1 bath house & 1.5 acres @ 1429 McClendon Road, Hot Springs, AR<br><br>This is notice under 11 U.S.C. 363(e): appraised value is $46,550.00 less 10% administrative costs $4,655.00 = $41,895.00<br><br>*Debtor has 1/2 interest in total market value of $46,550.00 | buying | - | $23,275.00 | $50,063.27 |
| | | Total: | $23,275.00 | |

(Report also on Summary of Schedules)

07/19/2011 09:50:45am

B6B (Official Form 6B) (12/07)

In re  **Charity L. Nelson**                                    Case No.   **6:11-bk-72400**  ⎯⎯⎯⎯⎯⎯⎯

(if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | money | - | $7.00 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | checking @ Diamond Bank $120.00<br>savings @ Diamond Bank $20.00 | - | $140.00 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | | electric | - | $150.00 |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | 1 television | - | $10.00 |
| | | 1 television; 2 dvd players; 1 sofa; 1 coffee table; 2 end tables; 1 kitchen table w/4 chairs; 1 refrigerator; 1 stove; 1 dishwasher; 1 microwave; 1 washer/dryer; 3 beds; 4 dressers; 2 nightstands - household items | - | $500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | misc. family pictures & frames | - | $20.00 |
| 6. Wearing apparel. | | clothing; shoes; & accessories | - | $50.00 |
| 7. Furs and jewelry. | | 1 necklace | - | $3.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | | 20 guage shotgun | - | $20.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Charity L. Nelson**                                          Case No.  **6:11-bk-72400**

                                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |

07/19/2011 09:50:45am

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Charity L. Nelson**                                    Case No.   **6:11-bk-72400**
                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Charity L. Nelson**                                                    Case No.   **6:11-bk-72400**
                                                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Spirit Manufactured Home *Debtor has 1/2 interest in total market value of $35,100.00<br><br>2005 Ford Escape<br><br>1976 CJ 7 Jeep *Debtor has 1/2 interest in total market value of $1000.00 | -<br><br>-<br><br>- | $17,550.00<br><br>$8,025.00<br><br>$500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 1 dog | - | $1.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | | 1 weedeater | - | $10.00 |

_____3_____ continuation sheets attached     **Total  >**     **$26,986.00**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Charity L. Nelson**                                   Case No.   **6:11-bk-72400**
                                                                                                  (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                 $146,450.*

☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| real estate<br>3 bedroom, 1 bath house & 1.5 acres @ 1429 McClendon Road, Hot Springs, AR<br><br>This is notice under 11 U.S.C. 363(e): appraised value is $46,550.00 less 10% administrative costs $4,655.00 = $41,895.00<br><br>*Debtor has 1/2 interest in total market value of $46,550.00 | 11 U.S.C. § 522(d)(5) | $0.00 | $23,275.00 |
| money | 11 U.S.C. § 522(d)(5) | $7.00 | $7.00 |
| checking @ Diamond Bank $120.00<br>savings @ Diamond Bank $20.00 | 11 U.S.C. § 522(d)(5) | $140.00 | $140.00 |
| electric | 11 U.S.C. § 522(d)(5) | $150.00 | $150.00 |
| 1 television | 11 U.S.C. § 522(d)(5) | $10.00 | $10.00 |
| 1 television; 2 dvd players; 1 sofa; 1 coffee table; 2 end tables; 1 kitchen table w/4 chairs; 1 refrigerator; 1 stove; 1 dishwasher; 1 microwave; 1 washer/dryer; 3 beds; 4 dressers; 2 nightstands - household items | 11 U.S.C. § 522(d)(3) | $500.00 | $500.00 |
| misc. family pictures & frames | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| clothing; shoes; & accessories | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| * Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment. | | **$877.00** | **$24,152.00** |

07/19/2011 09:50:46am

B6C (Official Form 6C) (4/10) -- Cont.

In re  **Charity L. Nelson**                                          Case No.   **6:11-bk-72400**
                                                                                (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| 1 necklace | 11 U.S.C. § 522(d)(4) | $3.00 | $3.00 |
| 20 guage shotgun | 11 U.S.C. § 522(d)(5) | $20.00 | $20.00 |
| 1999 Spirit Manufactured Home<br><br>*Debtor has 1/2 interest in total market value of $35,100.00 | 11 U.S.C. § 522(d)(1) | $12,725.80 | $17,550.00 |
| 2005 Ford Escape | 11 U.S.C. § 522(d)(2) | $2,711.42 | $8,025.00 |
| 1976 CJ 7 Jeep<br><br>*Debtor has 1/2 interest in total market value of $1000.00 | 11 U.S.C. § 522(d)(5) | $500.00 | $500.00 |
| 1 dog | 11 U.S.C. § 522(d)(3) | $1.00 | $1.00 |
| 1 weedeater | 11 U.S.C. § 522(d)(5) | $10.00 | $10.00 |
| | | **$16,848.22** | **$50,261.00** |

B6D (Official Form 6D) (12/07)

In re  **Charity L. Nelson**

Case No.   **6:11-bk-72400**

(if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxx5617<br><br>**Citimortgage, Inc.**<br>**PO Box 60065**<br>**Dallas, TX 75266-0065** | X | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**buying**<br>COLLATERAL:<br>**real estate**<br>REMARKS:<br>**The debtor(s) dispute that the party designated herein is the actual holder of the underlying debt instrument allegedly secured by the subject collateral and reserve the right to** |  |  |  | **$50,063.27** | **$26,788.27** |
|  |  |  | **challenge the secured status of any party who claims to be a secured creditor and a holder of any such instrument as of the petition date.**<br><br><br>VALUE:            **$23,275.00** |  |  |  |  |  |
| **Representing:**<br>**Citimortgage, Inc.** |  |  | **Wilson & Associates, PLLC**<br>**1521 Merrill Drive, D-220**<br>**Little Rock, AR 72211** |  |  |  | **Notice Only** | **Notice Only** |
| ACCT #: xxxxx6574<br><br>**Green Tree**<br>**PO Box 6172**<br>**Rapid City, SD 57709-6172** | X | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Purchase Money**<br>COLLATERAL:<br>**1999 Spirit Manufactured Home**<br>REMARKS:<br>**The debtor(s) dispute that the party designated herein is the actual holder of the underlying debt instrument allegedly secured by the subject collateral and reserve the right to** |  |  |  | **$11,335.80** |  |

Subtotal (Total of this Page) >   **$61,399.07**    **$26,788.27**

Total (Use only on last page) >

_____1_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) - Cont.

In re **Charity L. Nelson**                                   Case No.   **6:11-bk-72400**

                                                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | challenge the secured status of any party who claims to be a secured creditor and a holder of any such instrument as of the petition date.<br><br>VALUE: $17,550.00 | | | | | |
| **Representing: Green Tree** | | | **Eichenbaum, Liles, & Heister, PA 124 West Capitol Avenue, Ste 1900 Little Rock, AR 72201-3736** | | | | **Notice Only** | **Notice Only** |
| ACCT #:<br><br>**Spa Auto Sales, Inc. 110 3rd Street Hot Springs, AR 71913** | | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Purchase Money**<br>COLLATERAL:<br>**2005 Ford Escape**<br>REMARKS:<br>**The debtor(s) dispute that the party designated herein is the actual holder of the underlying debt instrument allegedly secured by the subject collateral and reserve the right to** | | | | $5,313.58 | |
| | | | challenge the secured status of any party who claims to be a secured creditor and a holder of any such instrument as of the petition date.<br><br>VALUE: $8,025.00 | | | | | |

Sheet no. ____1____ of ____1____ continuation sheets attached
to Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| Subtotal (Total of this Page) > | $5,313.58 | $0.00 |
| Total (Use only on last page) > | $66,712.65 | $26,788.27 |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re **Charity L. Nelson**                                  Case No.   **6:11-bk-72400**
                                                                            (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____continuation sheets attached

B6E (Official Form 6E) (04/10) - Cont.

In re **Charity L. Nelson**                                   Case No. __**6:11-bk-72400**_____
                                                                    (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #:<br><br>**Garland County Tax Collector**<br>**200 Woodbine, Rm 106**<br>**Hot Springs, AR 71901** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | | $651.26 | $651.26 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ____1____ of ____1____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

|  | | |
|---|---|---|
| Subtotals (Totals of this page) > | $651.26 | $651.26 | $0.00 |

**Total >** $651.26

**(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)**

**Totals >** $651.26 | $0.00

**(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07)

In re   **Charity L. Nelson**                                                           Case No.   **6:11-bk-72400**
_____                                                  _____
                                                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Accounts Management Center, Inc.**<br>**PO Box 1119**<br>**Hot Springs, AR 71902** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Medical debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $991.98 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| ACCT #:  **xxxxx7744**<br>**CMI**<br>**4200 International**<br>**Carrollton, TX 75007-1912** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $61.00 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| ACCT #:  **xxxx-xxxx-xxxx-5303**<br>**First Premier Bank**<br>**c/o CCB Credit Services**<br>**5300 S. 6th Street**<br>**Springfield, IL 62703-5184** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $829.67 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |

|  | Subtotal > | $1,882.65 |
|---|---|---|

_____    2    _____continuation sheets attached

Total >
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Charity L. Nelson**                                              Case No.   **6:11-bk-72400**

                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Mid South Credit Bureau**<br>**PO Box 1567**<br>**Paris, TN 38242-1567** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $159.00 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| ACCT #:  **xxxx9809**<br>**National Park Medical**<br>**c/o West Asset Management**<br>**2703 N Highway 75**<br>**Sherman, TX 75090** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Medical debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $3,778.80 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| ACCT #:  **xxxxxxx7466**<br>**Progressive Insurance Company**<br>**c/o Credit Collection Services**<br>**Two Wells Avenue, Dept. 9134**<br>**Newton Center, MA 02459** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $326.27 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |

Sheet no. ____1____ of ____2____ continuation sheets attached to                    **Subtotal >**    **$4,264.07**
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

07/19/2011 09:50:47am

B6F (Official Form 6F) (12/07) - Cont.

In re   **Charity L. Nelson**                                    Case No.   **6:11-bk-72400**
                                                                                         (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxx7075**<br>**Southwestern Bell**<br>**c/o Portfolio Recovery Associates**<br>**120 Corporate Blvd.**<br>**Norfolk, VA 23502** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $389.60 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| ACCT #:<br>**Zenith Acquistion**<br>**170 North Pointe, Ste. 300**<br>**Amherst, NY 14228** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Consumer debt**<br>REMARKS:<br>**The approximate amount owed is listed as authorized by the U.S. Court's administrative office.** | | | | $313.00 |
| | | | **Credit Service - disputed as to the amount of late fees, over-limit fees, interest fees, late charges or any other additional fees or charges.** | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. ____**2**____ of ____**2**____ continuation sheets attached to                                    **Subtotal >**   | $702.60 |
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >**   | $6,849.32 |
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

07/19/2011 09:50:48am

B6G (Official Form 6G) (12/07)

In re   **Charity L. Nelson**

Case No.   **6:11-bk-72400**

(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Title II** | The Debtor(s) hereby specifically reject(s) all existing contracts for credit that are not specifically accepted or provided for in the plan, including any agreement that includes binding arbitration<br><br>Contract to be REJECTED |
| **Title II Cont.** | that upon confirmation of the plan, all contracts not specifically accepted or provided for in the plan, will be considered rejected and void, and will not be applicable to any cause of action<br><br>Contract to be REJECTED |
| **Title II Cont.** | arising pursuant to Title II, or a core action thereof.  The debtor also hereby rejects any and all prior authorizations, either expressed or implied, verbal or written, that would permit or be<br><br>Contract to be REJECTED |
| **Title II Cont.** | deemed to permit any creditor, debt collector, debt buyer, or any other similar entity, and any officer, agent, or employee thereof to call the debtor on any cell/wireless telephone number issued to<br><br>Contract to be REJECTED |
| **Title II Cont.** | the debtor/consumer by any cellular/wireless carrier, and/or any cell/wireless number previously provided to any creditor, debt buyer, debt collector, or any other similar entity by the debtor/<br><br>Contract to be REJECTED |

B6G (Official Form 6G) (12/07)

In re   **Charity L. Nelson**                                      Case No.   **6:11-bk-72400**
(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Continuation Sheet No. 1*

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Title II Cont.** | consumer, whether that cell/wireless number is one issued to the debtor/consumer or to some other entity who previously authorized the debtor/consumer to use any cell/wireless number to contact any<br>Contract to be REJECTED |
| **Title II Cont.** | creditor, debt collector, debt buyer, or any other similiar entity.  This action is taken pursuant to the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991),<br><br>Contract to be REJECTED |
| **Title II Cont.** | codified at 47 U.S.C. § 227 (TCPA), and all rulings and opinions issued by the Federal Communications pursuant to Section 47 U.S.C. § 227(c)(1)-(4).<br><br>Contract to be REJECTED |
| **Verizon Wireless**<br>PO Box 4001<br>Acworth, GA 30101 | cell phone lease<br>Contract to be ASSUMED |

B6H (Official Form 6H) (12/07)

In re  **Charity L. Nelson**                                           Case No.   <u>**6:11-bk-72400**</u>
                                                                                      (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Herbert Nelson** | **Citimortgage, Inc.**<br>PO Box 60065<br>Dallas, TX 75266-0065 |
| **Herbert Nelson** | **Green Tree**<br>PO Box 6172<br>Rapid City, SD 57709-6172 |

07/19/2011 09:50:48am

B6I (Official Form 6I) (12/07)

In re **Charity L. Nelson**                                     Case No. __6:11-bk-72400__
                                                                        (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Divorced** | Relationship(s): daughter<br>son | Age(s): 17<br>10 | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | office work | |
| Name of Employer | All State Paint & Drywall, Inc. | |
| How Long Employed | 9 years | |
| Address of Employer | 3670 Malvern Road<br>Hot Springs, AR 71901 | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $1,984.54 | |
| 2.  Estimate monthly overtime | $0.00 | |
| 3.  SUBTOTAL | $1,984.54 | |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes (includes social security tax if b. is zero) | $103.05 | |
|     b. Social Security Tax | $123.02 | |
|     c. Medicare | $28.82 | |
|     d. Insurance | $0.00 | |
|     e. Union dues | $0.00 | |
|     f. Retirement | $0.00 | |
|     g. Other (Specify) _____ | $0.00 | |
|     h. Other (Specify) _____ | $0.00 | |
|     i. Other (Specify) _____ | $0.00 | |
|     j. Other (Specify) _____ | $0.00 | |
|     k. Other (Specify) _____ | $0.00 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $254.89 | |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | $1,729.65 | |
| 7.  Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8.  Income from real property | $700.00 | |
| 9.  Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or<br>    that of dependents listed above | $325.00 | |
| 11. Social security or government assistance (Specify): _____ | | |
| | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
|     a._____ | $0.00 | |
|     b._____ | $0.00 | |
|     c._____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $1,025.00 | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $2,754.65 | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $2,754.65 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

07/19/2011 09:50:49am

B6J (Official Form 6J) (12/07)

IN RE:   **Charity L. Nelson**

Case No.   **6:11-bk-72400**
(if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) <br>    a. Are real estate taxes included?   ☐ Yes  ☑ No <br>    b. Is property insurance included?   ☐ Yes  ☑ No | |
| 2. Utilities:   a. Electricity and heating fuel | $245.00 |
|              b. Water and sewer | $100.00 |
|              c. Telephone | |
|              d. Other:   cell phone; satellite; & inter | $320.00 |
| 3. Home maintenance (repairs and upkeep) | $50.00 |
| 4. Food | $260.00 |
| 5. Clothing | |
| 6. Laundry and dry cleaning | $10.00 |
| 7. Medical and dental expenses | $20.00 |
| 8. Transportation (not including car payments) | $250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) <br>          a. Homeowner's or renter's <br>          b. Life <br>          c. Health <br>          d. Auto <br>          e. Other: | <br> <br> <br> <br>$94.00 <br> |
| 12. Taxes (not deducted from wages or included in home mortgage payments) <br>Specify: property taxes & licenses | $60.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) <br>          a. Auto: <br>          b. Other: <br>          c. Other: <br>          d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other:  Pet Expenses | $30.00 |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, <br>    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$1,439.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.**

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $2,754.65 |
| b. Average monthly expenses from Line 18 above | $1,439.00 |
| c. Monthly net income (a. minus b.) | $1,315.65 |

07/19/2011 09:50:49am

B6 Summary (Official Form 6 - Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
### HOT SPRINGS DIVISION

In re  **Charity L. Nelson**

Case No.   **6:11-bk-72400**

Chapter   **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $23,275.00 | | |
| B - Personal Property | Yes | 4 | $26,986.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $66,712.65 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $651.26 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $6,849.32 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $2,754.65 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $1,439.00 |
| TOTAL | | 19 | $50,261.00 | $74,213.23 | |

07/19/2011 09:50:49am

Form 6 - Statistical Summary (12/07)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

In re  **Charity L. Nelson**                      Case No.    **6:11-bk-72400**

                                                  Chapter     **13**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $651.26 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | **$651.26** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $2,754.65 |
| Average Expenses (from Schedule J, Line 18) | $1,439.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $2,309.38 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $26,788.27 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $651.26 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4.  Total from Schedule F | | $6,849.32 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $33,637.59 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Charity L. Nelson**                                          Case No.   **6:11-bk-72400**
                                                                            (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**21**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **7/19/2011**                                 Signature  **/s/ Charity L. Nelson**
                                                              **Charity L. Nelson**

Date _____        Signature _____

                                                [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/10)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re:  **Charity L. Nelson**

Case No.  **6:11-bk-72400**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 8775.00 | 2011 - Year to Date Income from Employment |
| 22869.00 | 2010 - Income from Employment |
| 22863.00 | 2009 - Income from Employment |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 1462.50 | 2011 - Year to Date Income from Child Support |
| 2762.50 | 2010 - Income from Child Support |
| 0.00 | 2009 - Income from Child Support |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re:  **Charity L. Nelson**                                                     Case No.   **6:11-bk-72400**

                                                                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

None
☐

### 4. Suits and administrative proceedings, executions, garnishments and attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Charity Nelson v. Herbert Nelson**<br>**Case No.: DR-2010-73** | divorce | **Garland County Circuit Court**<br>**501 Ouchita Avenue**<br>**Hot Springs National Park, AR 71901** | decree of divorce entered March 18, 2010 |
| **Green Tree Servicing, LLC v. Charity Nelson & Herbert Nelson**<br>**CV-11-497III** | **complaint** | **Garland County Circuit Court**<br>**501 Ouchita Avenue**<br>**Hot Springs National Park, AR 71901** | **complaint filed** |
| **Accounts Management Center, Inc. v. Herbert A. Nelson & Charity L. Nelson**<br>**CV09-637** | **debt collection** | **Garland County District Court**<br>**607 Ouachita Rm 150**<br>**Hot Springs National Park, AR 71901** | **default judgment entered** |

---

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 6. Assignments and receiverships

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

07/19/2011 09:50:50am

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

In re:  **Charity L. Nelson**

Case No.  **6:11-bk-72400** _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

**None**
☑

### 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☐

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Cruz & Associates, P.L.C. 1325 Central Ave Hot Springs, AR 71901-6034 | 05/20/2011 | $274.00  Filing Fee $50.00  Credit Counseling |

---

**None**
☐

### 10. Other transfers

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Herbert Nelson ex-husband | 2010 | property was transferred pursuant to decree of divorce |

---

**None**
☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**None**
☑

### 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑

### 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑

### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re:   **Charity L. Nelson**                                                          Case No.   **6:11-bk-72400** _____
                                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

**14. Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None
☑

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None
☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None
☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re:  **Charity L. Nelson**                                   Case No.  **6:11-bk-72400**
                                                                                   (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

**18. Nature, location and name of business**

None ☑

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

**19. Books, records and financial statements**

None ☑

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None ☑

b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None ☑

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None ☑

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

**20. Inventories**

None ☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑

b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re:   **Charity L. Nelson**                                         Case No.   **6:11-bk-72400** _____
                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None
☑  **21. Current Partners, Officers, Directors and Shareholders**

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

None
☑  **22. Former partners, officers, directors and shareholders**

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

None
☑  **23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

None
☑  **24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

None
☑  **25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **7/19/2011** _____          Signature _____ **/s/ Charity L. Nelson** _____
                                                                        of Debtor        ***Charity L. Nelson***

Date _____                          Signature _____
                                                                        of Joint Debtor
                                                                        (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

07/19/2011 09:50:51am

B 201B (Form 201B)  (12/09)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

In re  **Charity L. Nelson**                                     Case No.  **6:11-bk-72400**

                                                               Chapter  **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Charity L. Nelson**                              X  **/s/ Charity L. Nelson**                    **7/19/2011**
                                                   Signature of Debtor                          Date

Printed Name(s) of Debtor(s)                       X
Case No. (if known)  **6:11-bk-72400**             Signature of Joint Debtor (if any)            Date

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I,        **Kathy A. Cruz/NACBA Member**        , counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ Kathy A. Cruz/NACBA Member**
Kathy A. Cruz/NACBA Member, Attorney for Debtor(s)
Bar No.: 87079
The Cruz Law Firm, P.L.C.
1325 Central Ave
Hot Springs AR 71901-6034
Phone: (501) 624-3600
Fax: (501) 624-1150
E-Mail: cruzlaw@directlynx.net

---

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B 201A (Form 201A)  (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2.**

## UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.   Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.   The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:   Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

Form B 201A, Notice to Consumer Debtor(s)                                                                    Page 2

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income**
**($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman    ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

IN RE:   **Charity L. Nelson**                                   CASE NO   **6:11-bk-72400**

                                                                 CHAPTER   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For legal services, I have agreed to accept: | **$3,000.00** |
| Prior to the filing of this statement I have received: | **$0.00** |
| Balance Due: | **$3,000.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☐ Debtor            ☑ Other (specify)
                       **Set by the Court and paid through the plan.**

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION
I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **7/19/2011** | **/s/ Kathy A. Cruz/NACBA Member** |
| *Date* | *Kathy A. Cruz/NACBA Member*          Bar No.  87079 |
| | The Cruz Law Firm, P.L.C. |
| | 1325 Central Ave |
| | Hot Springs AR 71901-6034 |
| | Phone: (501) 624-3600 / Fax: (501) 624-1150 |

```
Accounts Management Center, Inc    Progressive Insurance Company
PO Box 1119                        c/o Credit Collection Services
Hot Springs, AR 71902              Two Wells Avenue, Dept. 9134
                                   Newton Center, MA 02459


Citimortgage, Inc.                 Southwestern Bell
PO Box 60065                       c/o Portfolio Recovery Associat
Dallas, TX 75266-0065             120 Corporate Blvd.
                                   Norfolk, VA 23502


CMI                                Spa Auto Sales, Inc.
4200 International                  110 3rd Street
Carrollton, TX 75007-1912          Hot Springs, AR 71913


Eichenbaum, Liles, & Heister, P.  Wilson & Associates, PLLC
124 West Capitol Avenue, Ste 19   1521 Merrill Drive, D-220
Little Rock, AR 72201-3736        Little Rock, AR 72211


First Premier Bank                 Zenith Acquistion
c/o CCB Credit Services            170 North Pointe, Ste. 300
5300 S. 6th Street                 Amherst, NY 14228
Springfield, IL 62703-5184

Garland County Tax Collector
200 Woodbine, Rm 106
Hot Springs, AR 71901


Green Tree
PO Box 6172
Rapid City, SD 57709-6172


Herbert Nelson




Mid South Credit Bureau
PO Box 1567
Paris, TN 38242-1567


National Park Medical
c/o West Asset Management
2703 N Highway 75
Sherman, TX 75090
```

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

IN RE:  **Charity L. Nelson**

CASE NO.  **6:11-bk-72400**

CHAPTER  **13**

## Certificate of Service

I, the undersigned, certify that the above and foregoing pleadings have been sent to the following:

Date:  **7/19/2011**

**/s/ Kathy A. Cruz/NACBA Member**
**Kathy A. Cruz/NACBA Member**
Attorney for the Debtor(s)

Date:  **7/19/2011**

**/s/ Charity L. Nelson**
**Charity L. Nelson**
Debtor

Accounts Management Center, Inc.
PO Box 1119
Hot Springs, AR 71902

First Premier Bank
xxxx-xxxx-xxxx-5303
c/o CCB Credit Services
5300 S. 6th Street
Springfield, IL 62703-5184

Mid South Credit Bureau
PO Box 1567
Paris, TN 38242-1567

Charles Tucker
Assistant US Trustee, Dept of Justice
Bank of America Building
200 W Capitol 12th Floor
Little Rock AR 72201

Garland County Tax Collector
200 Woodbine, Rm 106
Hot Springs, AR 71901

National Park Medical
xxxx9809
c/o West Asset Management
2703 N Highway 75
Sherman, TX 75090

Citimortgage, Inc.
xxxxxxx5617
PO Box 60065
Dallas, TX 75266-0065

Green Tree
xxxxx6574
PO Box 6172
Rapid City, SD 57709-6172

Progressive Insurance Company
xxxxxxx7466
c/o Credit Collection Services
Two Wells Avenue, Dept. 9134
Newton Center, MA 02459

CMI
xxxxx7744
4200 International
Carrollton, TX 75007-1912

Herbert Nelson

Southwestern Bell
xxxxxxxxx7075
c/o Portfolio Recovery Associates
120 Corporate Blvd.
Norfolk, VA 23502

Eichenbaum, Liles, & Heister, PA
124 West Capitol Avenue, Ste 1900
Little Rock, AR 72201-3736

Jack W. Gooding
PO Box 8202
Little Rock AR 72221-8202

Spa Auto Sales, Inc.
110 3rd Street
Hot Springs, AR 71913

07/19/2011 09:50:52am

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

IN RE:  **Charity L. Nelson**

CASE NO.  **6:11-bk-72400**

CHAPTER  **13**

**Certificate of Service**

(Continuation Sheet #1)

Title II

Title II Cont.

Verizon Wireless
PO Box 4001
Acworth, GA 30101

Wilson & Associates, PLLC
1521 Merrill Drive, D-220
Little Rock, AR 72211

Zenith Acquistion
170 North Pointe, Ste. 300
Amherst, NY 14228

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

IN RE:                                                                    §
**Charity L. Nelson**                                          §
                                                                               §      Case No.   **6:11-bk-72400**
                                                                               §
                                    Debtor(s)                   §      Chapter   **13**

## DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY PETITION, LISTS, STATEMENTS, AND SCHEDULES

### PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and I HEREBY DECLARE UNDER PENALTY OF PERJURY that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition, lists, statements, and schedules have been filed electronically.  I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐   *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* --
     I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☐   *[Only include if petitioner is a corporation, partnership or limited liability company]* --
     I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date:   **7/19/2011**                    **/s/ Charity L. Nelson**
                                                     Charity L. Nelson
                                                     Debtor
                                                     **Soc. Sec. No.   xxx-xx-8358**

### PART II: DECLARATION OF ATTORNEY:

I declare UNDER PENALTY OF PERJURY that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:   **7/19/2011**                                        **/s/ Kathy A. Cruz/NACBA Member**
                                                                         Kathy A. Cruz/NACBA Member, Attorney for Debtor