RE:    Charity L. Nelson                              CASE NO: 6:11-bk-72400

**PAYMENT TO THE TRUSTEE**: Shall be made from the debtor's employer as set forth below:

THE DEBTOR PROPOSES TO PAY $1315.00 PER MONTH TO THE TRUSTEE.

Name of Employer    Debtor to pay trustee direct.
Address
Phone Number

Indicate how often you are paid by checking the appropriate box below:

[ ] Weekly [ ] Bi-Weekly [ ] Semi-Mo [XX] Monthly or [ ] Other
(If other, please specify _____)

**THE FIRST PAYMENT WILL BE MADE TO THE TRUSTEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THE PETITION.**

**PLAN LENGTH:**

The debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for no less than 36 months (unless unsecured are being paid 100%). The plan length shall not exceed 60 months.

The debtor's plan length is 60 months.

**I.    ADMINISTRATIVE COSTS**:

1) TRUSTEE'S FEES AND EXPENSES. 2) ATTORNEY FEE to be paid through the plan.** $3000.00   ** **All attorney fees must be approved by separate application.** (ATTORNEY FEE paid by debtor prior to filing. $0.00

Amount to be paid by Trustee: Subject to pre-confirmation Adequate Protection payments and the payment of administrative costs, there shall be an initial payment of $1,500.00. The remaining fee shall be paid out at 25 percent of the total disbursed to creditors each month.

**II.    CHILD SUPPORT:**

**REGULAR PAYMENT**: Check the appropriate box.
[XX] The Debtor has no child support obligations.
[ ] The regular monthly support payment shall be paid by the debtor directly.
[ ] The regular monthly support payment of _____ shall be paid through the plan.

ARREARAGE PAYMENT: The total back child support is $_____ and shall be paid through the plan at a pro-rata monthly amount.

**DSO CREDITORS**

NAME AND ADDRESS OF CHILD SUPPORT RECIPIENT
CREDITOR TO WHOM CHILD SUPPORT IS OWED:

### III. LONG TERM DEBTS:

The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim, is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. 1322(b)(5). Upon completion of the plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement.

|    | CREDITOR     | REG PYMT | ARREARAGE  | AMOUNT PER MONTH TO CURE ARREARAGE |
|----|--------------|----------|------------|-------------------------------------|
| 1) | Citimortgage | $652.98  | $13674.00  | $227.90                             |
| 2) |              |          |            |                                     |

### IV. SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Secured creditors who will retain their liens and be paid the value of their collateral or the amount of their debt, **whichever is less**, shall be paid as follows:

|    | CREDITOR | DEBT | VALUE | INT. RATE* | MO. PYMT | ADEQUATE PROTECTION MON PMT | ADEQUATE PROTECTION INTEREST IF APPLICABLE** |
|----|----------|------|-------|------------|----------|-----------------------------|----------------------------------------------|
| 1) |          |      |       |            |          |                             |                                              |
| 2) |          |      |       |            |          |                             |                                              |

***If this space is left blank, no interest is to be paid.**

****Over Secured Creditors only and must specify contract rate.**

**ANY AMOUNT CLAIMED BY THE CREDITOR THAT EXCEEDS THE VALUE OF THE COLLATERAL WILL BE TREATED AS A <u>NONPRIORITY UNSECURED CLAIM.</u>**

### V. PMSI SECURED CLAIMS TO WHICH §506 VALUATION IS NOT APPLICABLE:

|    | CREDITOR   | DEBT      | VALUE      | INT. RATE* | MO. PYMT | ADEQUATE PROTECTION MO PMT |
|----|------------|-----------|------------|------------|----------|----------------------------|
| 1) | Green Tree | $11335.80 | $17550.00  | 5.25%      | $215.23  | $75.00                     |
| 2) | Spa Auto   | $5313.58  | $8025.00   | 5.25%      | $100.89  | $50.00                     |

VI. **PROPERTY TO BE SURRENDERED:**

The following are creditors to whom the Debtor surrenders the property securing the claim in accordance with 11 U.S.C. 1325(a)(5)(C). **No further payments are to be made to the creditor on the secured claim; however, the creditor may file a claim for the deficiency and it will be treated as a non-priority unsecured creditor.**

   CREDITOR       DESCRIPTION OF PROPERTY


VII. **PRIORITY DEBTS:** Priority debts shall be paid in full in accordance with 11 U.S.C. 1322(a)(2), **unless otherwise indicated in this plan**.

 Garland County Tax Collector  $651.26

VIII. **UNSECURED DEBTS:**

**CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IS INDICATED BELOW:**
[ ] Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That Percentage is __%.
[ ] Unsecured creditors shall receive $_____ to be disbursed in accordance with §1322 and §1325.
[X] Unsecured creditors shall receive a pro-rata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured, priority, child support, and special non-priority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.


IX. **SPECIAL NONPRIORITY UNSECURED DEBTS:**

  The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid in full (100%) unless a different treatment is indicated.

| CREDITOR | DEBT | INT RATE* | MO PYMT | REASON |
|---|---|---|---|---|
| 1) | | | | |
| 2) | | | | |

**\*If space is left blank, not interest is to be paid.**

X. **DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:**

The only debts which may be paid directly are:
1) the home mortgage, if current;
2) lease payments, if current;
3) child support payments per court order;
4) debts which are actually being paid by someone other than the debtor from property that is not

CREDITOR DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION.

1)
2)

## XI. EXECUTORY CONTRACTS:

The debtor [XX] assumes [ ] rejects the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

CREDITOR CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY

Verizon Wireless        cell phone contract

## XIII. SALE OF ASSETS:
The debtor proposes to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

## XIV. OTHER PROVISIONS:

Other provisions of the plan which are not inconsistent with Title Ii of the U.S.C., pursuant to 11 U.S.C. 1322(b)(10), are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

In order to assist the debtor in performance of the plan, the Trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.

## XV. SECTION 524(I) PROVISION OF THE PLAN:

(a). APPLICATION OF PRE-PETITION PAYMENTS. All payments received from the Chapter 13 Trustee on the pre-petition arrearage as established in the allowed proof of claim of the Real Estate Mortgage Creditor must be applied and only applied to those arrears.

(b). APPLICATION OF POST-PETITION PAYMENTS. All payments received from the Chapter 13 Trustee or from the debtors for post-petition mortgage

payments shall be applied to the month in which they are due under the plan and shall be applied in the order of priority established by the underlying Deed of Trust and Deed of Trust Note (i.e., to interest, principal, taxes, insurance, late charges, etc).

(c). NOTICE OF PAYMENT CHANGES. In a chapter 13 case, if a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the trustee notice of any change in the payment amount, including changes that result from interest rate and escrow account adjustments, at least 30 days before a payment at a new amount is due.

(d) FORM AND CONTENT. Any notice filed and served pursuant to subdivision (c) of this provision shall conform substantially to the form of notice under applicable nonbankruptcy law and the underlying agreement that would be given if the debtor were not a debtor in bankruptcy, and shall be filed as a supplement to the holder's proof of claim.

(e) NOTICE OF FEES, EXPENSES, AND CHARGES. In a chapter 13 case, if a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice pursuant to Rule 2016(a) of the Bankruptcy Rules containing an itemization of all fees, expenses, or charges incurred in connection with the security interest after the filing of the bankruptcy case that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be filed as a supplement to the holder's proof of claim and sent within 30 days of the date when such fees, expenses, or charges are incurred. On motion of the debtor or trustee filed no later than one year after service of the notice given pursuant to this

subdivision, after notice and hearing, the court shall determine whether such fees, expenses, or charges are required by the underlying agreement and applicable nonbankruptcy law for the curing of the default or the maintenance of payments in accordance with § 1322(b)(5) of the Code.

(f)  NOTICE OF FINAL CURE PAYMENT.  Within 30 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's principal residence, the trustee in a chapter 13 case shall file and serve upon the holder of the claim, the debtor, and debtor's counsel a notice stating that the amount required to cure the default has been paid in full.  If the debtor contends that the final cure payment has been made and the trustee does not file and serve the notice required by this subdivision within the specified time period, the debtor may file and serve upon the holder of the claim and the trustee a notice stating that the amount required to cure the default has been paid in full.